UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY<br>6200 S. Gilmore Road<br>Fairfield, Ohio  45014<br><br>     Plaintiff,<br>v.<br><br>REYNOLDS CONCRETE PUMPING, LLC<br><br>Serve: Reynolds Concrete Pumping, LLC<br>            T. Brian Lowder<br>            537 East 10th Avenue, Suite 200<br>            Bowling Green, KY  42101<br><br>and<br><br>OWNERS INSURANCE COMPANY<br><br>Serve:  CT Corporation System<br>             4400 Easton Commons Way<br>             Suite 125<br>             Columbus, OH  43219<br><br>and<br><br>SAMPSON "RICKY" LEWIS<br><br>Serve:  Sampson Ricky Lewis<br>             210 Wintergreen Road<br>             Brandenburg, KY  40108-7058<br><br>and<br><br>CHEREE LEWIS<br><br>Serve:  Cheree Lewis<br>             210 Wintergreen Road<br>             Brandenburg, KY  40108-7058<br><br>     Defendants. | Case No.  3:22-CV-143-BJB<br><br>Judge<br><br>*Electronically Filed*<br><br><br><br><br><br><u>COMPLAINT  FOR DECLARATORY JUDGMENT</u> |

COMES NOW The Cincinnati Insurance Company ("CIC"), by and through counsel, and for its Complaint against Owners Insurance Company ("Owners"), Reynolds Concrete Pumping, LLC ("Reynolds"), Sampson Lewis and Cheree Lewis, states and alleges as follows.

## The Parties

1. Plaintiff CIC is an insurance company licensed to do business and issue policies in the Commonwealth of Kentucky.

2. Upon information and belief, Defendant Owners Insurance Company ("Owners") is an insurance company licensed to do business in and issue policies in the Commonwealth of Kentucky.

3. Upon information and belief, Defendant Reynolds Concrete Pumping, LLC ("Reynolds") is a company located in and doing business in Kentucky.

4. Upon information and belief, Defendants Sampson and Cheree Lewis ("Lewis") are residents of Brandenburg, Meade County, Kentucky.

## The Dispute

5. This is an action for Declaratory Judgment brought pursuant to Federal Rule of Civil Procedure 57 and 28 USC §2201 to determine the duties and obligations of CIC with regard to an insurance contract between CIC and Reynolds, and the duties and obligations of Owners with regard to an insurance contract between Owners and Reynolds, with regard to claims asserted by Mr. and Mrs. Lewis against Reynolds in the lawsuit captioned as *Lewis v. Reynolds*, Jefferson Circuit Court, Case No. 21-CI-002975 (the "Underlying Amended Complaint," attached hereto as Exhibit A)

6. A copy of the Commercial General Liability Coverage Part and the Commercial Umbrella Liability Coverage Part of the Common Policy issued by CIC to Reynolds, Policy No.

ENP 036 05 35, effective from November 11, 2019 to November 11, 2020, is attached hereto as Exhibit B (hereinafter referred as "CIC Policy").

7. Mr. and Mrs. Lewis filed the Underlying Amended Complaint against Reynolds, alleging Reynolds and its employees negligently, grossly negligently and/or carelessly operated a concrete truck, a 2016 Mack GU714, including setting of the outrigger system on the truck prior to an accident in which the concrete truck tipped over and injured Mr. Lewis. (See Underlying Amended Complaint). The Lewises further allege that the concrete truck "was so negligently and carelessly managed and controlled that an exceedingly dangerous situation was created by … employees and/or agents of Reynolds Concrete Pumping who parked and set the outrigger system." (Underlying Amended Complaint ¶17). The Lewises state causes of action for negligence, vicarious liability/*respondeat superior*, negligence *per se*, and loss of consortium, and seek compensatory and punitive damages. (*See* Underlying Amended Complaint). The Lewises also allege that Reynolds' conduct and misconduct was willful, wanton, oppressive, fraudulent, malicious and grossly negligent. (Underlying Amended Complaint ¶34).

8. Reynolds tendered defense and indemnity of this litigation to CIC under the CIC Policy, and upon information and belief, to Owners pursuant to a Commercial Auto Policy No. 5004378400 ("the Owners Policy")(Attached hereto as Exhibit C.).

9. CIC has acknowledged that coverage may be available for Reynolds under the CIC Policy with regard to the Underlying Amended Complaint subject to a full and complete reservation of rights. (See Reservation of Rights letter dated January 5, 2021, and Supplemental Reservation of Rights letter dated July 14, 2021, both attached hereto as Exhibit D). However, any coverage available to Reynolds for the Underlying Amended Complaint under the CIC

Policy is excess to the coverage available to Reynolds for the Underlying Amended Complaint under the Owners Policy.

## COUNT I – DECLARATORY JUDGMENT

10. CIC incorporates by reference as if fully rewritten herein all allegations contained in paragraphs 1-9 above.

11. Reynolds has requested that CIC defend and indemnify it with regard to the Underlying Amended Complaint.

12. CIC is providing a defense to Reynolds with regard to the Underlying Amended Complaint, under a full and complete reservation of rights.

13. The Owners Policy provides Commercial Automobile coverage, and includes the 2016 Mack GU714 truck in the Schedule of Automobiles, such that the Owners Policy provides coverage for Reynolds with regard to the Underlying Amended Complaint and such coverage is primary.

14. Because the Owners Policy provides primary coverage to Reynolds with regard to the Underlying Amended Complaint, CIC has no duty to defend or indemnify Reynolds with regard to the Underlying Amended Complaint because the CIC Policy is excess over the Owners Policy with regard to coverage for Reynolds for the Underlying Amended Complaint.

15. There is a dispute between CIC, Owners and Reynolds concerning the scope of defense and/or indemnification, if any, afforded to Reynolds under the CIC Policy and the Owners Policy, and the parties' rights and duties thereunder. As underlying Plaintiffs, the Lewises are interested parties to this dispute.

16. Further, the theories of recovery, acts and losses alleged in the Underlying Amended Complaint are such that some or all of the claims do not fall within the coverage

provided under the CIC Policy, based on the Policy's Insuring Agreements, exclusions, endorsements and other policy terms, limitations, conditions, definitions and provisions.

17. A real and genuine controversy exists between CIC, Owners, and Reynolds regarding the rights and obligations under the CIC Policy and the Owners Policy, including but not limited to whether the Owners Policy and/or the CIC Policy provide coverage to, including a duty to defend and a duty to indemnify, Reynolds with regard to the Underlying Amended Complaint and whether the Owners Policy is primary to the CIC Policy which is excess over the Owners Policy for all of the claims asserted against Reynolds in the Underlying Amended Complaint.

WHEREFORE, The Cincinnati Insurance Company requests judgment declaring whether or not CIC has a duty to defend and/or indemnify Reynolds with regard to the allegations asserted against it in the Underlying Amended Complaint; and whether the CIC Policy or the Owners Policy is primary; for its costs and expenses incurred herein; and for such other and further relief as the Court may deem just and reasonable.

Respectfully submitted,

KOHNEN & PATTON, LLP

*/s/ Kimberly A. Kyle*
Kimberly A. Kyle (88781)
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202
Phone:  (513) 381-0656
Fax:  (513) 381-0656
Email: kkyle@kplaw.com
*Attorney for Plaintiff*
*The Cincinnati Insurance Company*

4895-0928-4880.1 :CINTI.03700